IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ELIZABETH FOWLER,                )
                                 )
            Plaintiff,            )
                                 )
v.                               )    Case No. CIV-09-292-RAW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Elizabeth Fowler (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 15, 1965 and was 43 years old at the time of the ALJ's decision. Claimant completed her education through the twelfth grade. Claimant worked in the past as an activity coordinator in a hospital, cashier/checker, school

3

detention/cook, greeter, housekeeper in a hospital, line worker in a dog food plant, fitness center worker, sales person in a jewelry store, and server/cook. Claimant alleges an inability to work beginning November 11, 2006 due to degenerative disk disease, asthma, status post DeQuervain's release of the left wrist, and obesity.

## Procedural History

On August 29, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 12, 2008, an administrative hearing was held before ALJ Lantz McClain in Sallisaw, Oklahoma. On June 1, 2009, the ALJ issued an unfavorable decision on Claimant's application. On July 6, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") sufficient to perform a full range of sedentary work with

4

limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) improperly discounting the opinion of a treating physician; (2) engaging in an improper RFC evaluation; and (3) finding Claimant's testimony not credible.

### Treating Physician's Opinion

Claimant first asserts the ALJ failed to afford his treating physician's opinion the appropriate consideration. Although it is not entirely clear from Claimant's briefing precisely which doctors' opinions she believes the ALJ improperly discounted, it appears she first believes Dr. Laurna Champ's opinion was not properly considered. Dr. Champ completed an Attending Physician's Statement on October 8, 2007. She found Claimant's condition was severe enough to interfere with attention and concentration, affect her ability to tolerate work stress, require Claimant to take unscheduled breaks during an 8 hour day, would likely produce good days and bad days, and would require Claimant to take more than four days off work per month as a result of her condition. (Tr. 541).

With regard to Dr. Champ, the ALJ found the record lacked treatment records from her and she had only seen Claimant twice.

5

He, therefore, gave Dr. Champ's position "little weight." (Tr. 13). The Social Security regulations define a treating physician as a

> "physician . . . who has or has had an ongoing treatment relationship with [claimant]. . . . [A]n ongoing treatment relationship [exists] when the medical evidence establishes that [claimant] see[s] or ha[s] seen the physician . . . with a frequency consistent with accepted medical practice for the type of treatment and evaluation required for [claimant's] medical condition(s). **[The SSA] may consider a physician . . . who has treated [claimant] only a few times or only after long intervals (e.g. twice a year), to be [a] treating source if the nature and frequency of the treatment is typical for [claimant's] condition(s)."**

20 C.F.R. § 404.1502 (emphasis added by this Court).

The fact Dr. Champs only saw Claimant twice, taken by itself, is not a sufficient basis for the wholesale rejection of the opinion she expressed. From all indications, Dr. Champs constituted a treating physician. On remand, the ALJ shall obtain any treatment records from Dr. Champs, consider her status as a treating physician further based upon the treatment rendered, and set forth the weight afforded her opinion based upon her status and her history of treatment of Claimant - not merely the frequency of her visits. Without fully reciting them, the ALJ shall adhere to the standards for weighing medical opinions in <u>Watkins v. Barnhart</u>, 350 F.3d 1297 (10th Cir. 2003).

Claimant also contends the ALJ did not adequate consideration to the opinion of Dr. James Wilde. Dr. Wilde completed an Attending Physician's Statement on May 23, 2007. He determined Claimant suffered from persistent asthma and chronic bronchitis. He also found Claimant has problems using her left hand for simple grasping, pushing and pulling, and fine manipulation. Claimant could expect to have good days and bad days and miss about four days per month from work as a result of her condition. (Tr. 392).

The ALJ did not conclude in his decision that Dr. Wilde's opinion was not entitled to controlling weight. Indeed, he recognized Dr. Wilde's status as a treating physician and the limitations on Claimant's use of her left hand. (Tr. 16). In the end, the ALJ included Dr. Wilde's limitations in his RFC assessment. (Tr. 14). This Court finds no error in the ALJ's consideration of Dr. Wilde's opinion.

### RFC Evaluation

Because this Court has remanded the case for consideration of Dr. Champ's opinion and any of her medical treatment records, the ALJ shall re-evaluate Claimant's RFC on remand.

### Credibility Determination

While Claimant characterizes this portion of her briefing as a challenge to the ALJ's credibility determination, she actually

7

argues that Claimant suffers from a severe mental impairment. To the extent Claimant does challenge the ALJ's credibility analysis, this Court finds no error. The ALJ included all of the functional limitations to which Claimant testified in his RFC assessment which were supported by the medical evidence.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. In this case, the ALJ properly linked his findings on credibility to the medical record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE